**VERMONT SUPERIOR COURT**
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 58-5-19 Vtec



| Lumbra Farm Medium Farm Operation (MFO) Denial |
| --- |

# ENTRY REGARDING MOTION

Title:    Motion for Summary Judgment

Filer:    Thea Schwartz, Melanie Kehne, and Ryan Kane, co-counsel for the State of Vermont
Agency of Agriculture, Food, and Markets

Filed Date:    November 9, 2020

Response in Opposition to State's Summary Judgment Motion on Grounds of Untimeliness filed on
Nov. 11, 2020, by Claudine Safar and Christian Chorba, co-counsel for Lumbra Farm.

Reply in Support of State's Summary Judgment Motion, Objecting to Claims of Untimeliness filed on
Nov. 25, 2020, by Melanie Kehne, Thea Schwartz, and Ryan Kane, co-counsel for State of
Vermont Agency of Agriculture, Food, and Markets

**Lumbra Farm's request for an untimeliness ruling is DENIED; The Court's consideration
of the State's Summary Judgment Motion is STAYED for up to 45 days.**

This litigation has evidenced, in the Court's estimation, undue tension and disputatiousness
between the parties and their legal counsel. These tensions have contributed to delays in the
resolution of these legal disputes, although the main culprit causing these and other litigation delays
has been the COVID pandemic that we all continue to face each day. In the spirit of attempting to
bring about the most practical, fair, and efficient resolution of these legal disputes, we render the
following determinations. First, we offer the following context and procedural background.

While the docket entries show that this appeal was first filed on May 8, 2019, this appeal was
preceded by an earlier appeal, involving the same parties, referencing the same property, and similar
legal issues. That first appeal was filed on March 2, 2018. *See* In re Pleasant Valley Farm (d/b/a
Lumbra Farm) MFO Permit Denial, No. 26-3-18 Vtec (Vt. Super. Ct. Envtl. Div.). Thus, the
parties' legal disputes caused the filing of litigation nearly three years ago. From the parties'
pleadings, we understand that their disputes began as much as several years earlier.

Pleasant Valley Farms of Berkshire, LLC ("PVF") is the owner and operator of several dairy
farms in the northwestern Vermont towns of Berkshire, Richford, St. Albans, and Enosburg,
including the Lumbra Farm, located at 1567 Skunk Hollow Road in Berkshire, Vermont ("Lumbra

Farm"). When the Vermont Agency of Agriculture, Food & Markets ("AAFM") denied PVF's Notice of Intent to Comply ("NOIC") with the General Permit for Medium Farm Operations ("MFO"), and instead determined that the Lumbra Farm should be governed by the rules, regulations and statutes covering large farm operations ("LFO"), PVF filed a timely appeal with this Court. Both appeals were initially assigned a caption naming PVF, as owner and operator of the farm, but we recently changed the caption in the second appeal to reference the Lumbra Farm, at the request of Appellant's counsel. *See* In re Lumbra Farm MFO Denial, No. 58-5-19 Vtec (Vt. Super. Ct. Envtl, Div. Dec. 3, 2020) (Durkin, J.) (changing the name).

## Procedural Background

A review of the Docket Sheet and Case Summary for this appeal[1] reveal several disputes concerning the need for Appellant to clarify or revise its Statement of Questions, the parties' discovery disputes, and requests to compel discovery. The docket entries reveal multiple requests for extensions of time, some stipulated to, with some filed by the State and others filed by Appellant.

Initially, the Court discussed with the parties possibly scheduling the trial to begin sometime in July of 2020. *See* docket entries for court conference on February 24, 2020. However, further discovery disputes and rising concerns about the COVID pandemic delayed that proposed trial schedule.

At a follow-up telephone conference on June 8, 2020, attorneys for AAFM—the Agency responsible for administering the MFO and LFO programs—advised that they intended to file a motion for summary judgment, in an effort to reduce or eliminate the legal issues to be adjudicated at trial. Attorneys for AAFM advised the Court that it wanted to wait to file its summary judgment motion until after Lumbra Farm had submitted its supplemental responses to outstanding discovery.

By Entry Order filed on July 8, 2021, this Court ordered PVF to submit by August 10, 2020, supplemental responses to AAFM's outstanding interrogatories and request to produce, including "a sketch plan of the [Lumbra Farm] barn, providing specific exterior and interior dimensions, including of all interior stalls and rooms. The sketch plan must also delineate the use for each interior space, including any feed alleys." In re Pleasant Valley Farm [n/k/a Lumbra Farm] MFO Denial, No. 58-5-19 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. July 8, 2020) (Durkin, J.). Appellant has since represented that it satisfied this directive, on time and at a significant expense, because they had to engage a surveyor to collect the site plan data for the Lumbra Farm barn.

During the telephone conference on June 8, 2020, that preceded the July 8th Entry Order, this Court also directed that AAMF would have until 30 days after Appellant submitted its supplemental discovery responses to file AAMF's anticipated summary judgment motion. When PVF served its discovery responses on August 10th, that set a deadline, per the Court's directive, of September 9, 2021, for AAFM to file its anticipated summary judgment motion.

---

[1] The docket entries and filings for this appeal are recorded in the Docket Sheet that was maintained from the beginning of this appeal until the implementation by the Vermont Judiciary of the Odyssey case management system on September 1, 2020. Thereafter, the docket entries and filings are recorded in the Odyssey Case Summary sheet. Both documents are available through the Odyssey portal system.

*Lumbra Farm Medium Farm Operation (MFO) Denial, No. 58-5-19 Vtec (February 12, 2021) (Durkin, J.)*

AAFM failed to meet that deadline. It did, however, file its motion, supporting memorandum, statement of undisputed material facts, exhibits and affidavits on November 9, 2020, just moments prior to the Court conducting the next scheduled telephone conference at 1:00 pm that day.

Appellant has filed a partial response to AAFM's summary judgment motion, asserting that the Court should deny AAFM's motion, due to its untimely filing. AAFM does not dispute that its motion was filed two months after the filing deadline established by the Court.

## Discussion

The Vermont Rules of Civil Procedure apply to appeals before the Environmental Division. V.R.E.C.P. 5(2). Pursuant to V.R.E.C.P. 56(b), a party may file a summary judgment motion at any time prior to a deadline "set by stipulation or court order." Generally, a trial court may modify the schedule upon motion and a showing of good cause. V.R.C.P. 16.2(v). Indeed, the Vermont Supreme Court has historically recognized that trial judges are given "broad discretion to manage their dockets." Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 20, 192 Vt. 343 (2012). Trial court are directed to designate schedules "tailored to the particular case." Vermont Supreme Court Admin. Directive No. 17 v. Vermont Supreme Court, 154 Vt. 392, 402 (1990). "Thus, the [trial c]ourt should exercise intelligent and flexible judgment over scheduling orders that consider the exigencies of each situation." Zlotoff Foundation Inc. NOV (2), No. 69-6-19 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 27, 2020) (Durkin, J.) (*citing* Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir. 1971)). This discretion is especially integral when confronted with such complex circumstances as are present here.

Were these normal times and a dispute involving less complicated legal issues, these undisputed procedural facts would compel the Court to grant Appellant's request. But we are living through a pandemic, which has caused many great consequences to our citizens and our world. Additionally, we recognize that the procedural mechanisms historically provided through this Court have been upset by the pandemic. *See* Costco Land use Permit Amendment Appeal., No. 20-3-20 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. May 16, 2020) (Durkin, J.) (discussing impacts of the pandemic on evidentiary hearings); Grimaldi NOV, No. 7-1-20 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sep. 29, 2020) (Walsh, J.) (noting that the pandemic has upset discovery scheduling and restricted parties' activities). Given these circumstances, the Court believes that the heavily disputed factual and legal issues of this case warrant them being decided by a substantive analysis.

We regret the personal family tragedy suffered by one of AAFM's legal counsel. But we have yet to receive a satisfactory explanation for the two-month delay in its filing. Had AAFM requested an extension of time to file, we have little doubt that this Court would have granted its request, particularly if it were made prior to the deadline expiring and limited to a two-month extension.

The three-year history of the parties' dispute warrants an immediate hearing on the merits. But as the Court has explained in its prior conferences, our Supreme Court has prohibited in-person hearings in all but the most emergency of cases. *See,* A.O. 49 (as amended 12/4/20) (extending the state of judicial emergency). The parties here have previously suggested that an in-person merits hearing is necessary, given the complexity of the facts and regulations to be presented. Thus, unless someone can now suggest that a merits hearing could be conducted through a video platform, it is

unlikely, in this Court's estimation, that an in-person merits hearing could be scheduled before next September.

Appellant requested that the Court first consider whether AAFM's motion should be ruled as untimely, and then afford Appellant the opportunity to respond substantively to AAFM's summary judgment motion, should the Court deny Appellant's request for an untimeliness ruling. *See*, PVF's Unopposed Motion Regarding Deadline for Substantively Opposing [AAFM's] Motion for Summary Judgment filed November 19, 2020, at 5. The Court granted PVF's request by Entry Order issued on December 2, 2020.

The Court has reviewed all of the parties' filings during its preparations of this Entry Order, including AAFM's summary judgment motion, statement of undisputed material facts, exhibits, and affidavits. We look forward to reviewing Appellant's responses to each of those filings and we will find it fortunate if our analysis discovers some legal issues that can be narrowed prior to trial. Whether our analysis makes that discovery or not, we expect that our substantive review of AAFM's pending motion will not delay an in-person merits hearing for this appeal, given the circumstances we now face.

For all these reasons, we **DENY** Appellant's request that we deny AAFM's pending summary judgment motion now, due to the untimeliness of its filing. We allow Appellant an additional 30 days (i.e.: until **Friday, March 12, 2021**) to file a substantive response to AAMF's motion for summary judgment, statement of undisputed material facts, and supporting exhibits and affidavits. If Appellant makes such a filing, AAFM shall have 15 days from the date of Appellant's filing to make any reply filings, provided that such reply filings do not repeat any factual representations or legal arguments that have already been asserted on behalf of AAFM.

**So Ordered.**

Electronically signed on February 12, 2021 at Newfane, VT pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

*Lumbra Farm Medium Farm Operation (MFO) Denial*, No. 58-5-19 Vtec (February 12, 2021) (Durkin, J.)